IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. ALLEGRINO II,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.<br><br>    Defendant.<br>_____/ | No. C06-05490 MJJ<br>No. C07-00301 MJJ<br><br>**ORDER RE DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## INTRODUCTION

Pending before the Court are four motions in these two related matters.

Three motions pertain to Case No. 06-05490: (1) Defendants Justices of the California Supreme Court and Chief Justice Ronald M. George's Motion to Dismiss (Docket No. 57); and (2) Defendants State Bar of California, Ronald Magnuson, and Timothy Byer's Motion to Dismiss (Docket No. 55), and (3) Plaintiff Anthony J. Allegrino II's Motion for Preliminary Injunction (Docket No. 49) Oppositions and replies have been filed in connection with all three motions.

A fourth motion pertains to related Case No. 07-00301: a Motion to Dismiss brought by Defendants State Bar of California, Alan Bloom, Jill A. Sperber, Aren Werchick, Pat McElroy, Timothy G. Byer, and Ronald E. Magnuson. (Docket No. 3.) Plaintiff has not filed a separate opposition to the this motion.

Oral argument in this matter took place on April 10, 2007. On May 4, 2007, Plaintiff filed a supplemental declaration providing additional evidentiary materials, which this Court has reviewed and

considered.

**FACTUAL BACKGROUND**

Mr. Allegrino's federal complaints filed in both Case No. 06-05490 and Case No. 07-00301 center around two disciplinary actions taken against Plaintiff by the State Bar of California and the California Supreme Court.

The first disciplinary proceeding, S.B.C. No. 02-O-13815, resulted in a recommendation to the California Supreme Court that Mr. Allegrino be suspended from the practice of law for five years, stayed on conditions of a five-year probationary period, a one-year actual suspension, and until Mr. Allegrino could demonstrate rehabilitation and fitness. Mr. Allegrino sought review of the recommendation with the California Supreme Court, claiming that the State Bar committed several due process violations, including conspiracy, falsification of evidence, perjury, witness tampering, prosecutorial misconduct, and fraud. The Supreme Court denied Mr. Allegrino's Petition, and instituted the recommended suspension. On October 28, 2006, Allegrino concluded his one-year suspension and was reinstated to active status with the State Bar. Allegrino's actual suspension was lifted even though he had not yet complied with the other conditions of his disciplinary order. On September 6, 2006, the State Bar Court granted Allegrino's request for an extension of time to pay costs and make restitution. On January 5, 2007, the California Supreme Court modified its probation order to reflect the same.

The second disciplinary proceeding, S.B.C. No. 04-O-12846, resulted in a recommendation from the State Bar Court Hearing Department tat Mr. Allegrino be suspended for five years, stayed on conditions of a five-year probationary period and a three-year actual suspension. The Office of the Chief Trial Counsel for the State Bar thereafter sought review of the recommendation with the State Bar Court Review Department. On April 18, 2007, the Review Department issued an opinion recommending the disbarment of Plaintiff, a more severe discipline than the hearing judge had originally recommended.

Mr. Allegrino was also involved in an arbitration proceeding with a former client over a fee dispute, in which the client was awarded a refund. When the client sought enforcement of the award with the State Bar's Office of Mandatory Fee Arbitration, the State Bar filed a motion with the State Bar Court to place Allegrino on involuntary inactive status. Before the hearing on the matter, Mr. Allegrino

1 paid the outstanding debt owed to the client and the State Bar withdrew the motion.

2 On September 7, 2006, Mr. Allegrino filed his complaint in Case No. C06-05490 against the State Bar of California, the City of Los Angeles, Timothy G. Byer, Ronald Magnuson, the City of Los Angeles Police Department, Chief of the Los Angeles Police Department, William Bratton; Chief Justice of the California Supreme Court Ronald M. George; and the Justices of the California Supreme Court. Mr. Allegrino alleges that the defendants engaged in prosecutorial misconduct, conspired against him, violated his federal civil rights and state constitutional rights, and otherwise committed numerous tortuous wrongdoings.

On January 17, 2007, Mr. Allegrino filed his complaint in Case No. C07-00301 against the State Bar of California, Alan Bloom, Jill A. Sperber, Arne Werchick, Pat McElroy, Timothy G. Byer, Ronald E. Magnuson, and Arild Rossavik. In this matter, Mr. Allegrino brings claims alleging misconduct relating to the State Bar Court proceedings to enforce the arbitration award.[1] Mr. Allegrino alleges that the defendants engaged in prosecutorial misconduct and otherwise conspired against him and forced him to pay the fee arbitration award or face suspension.

In both actions, Mr. Allegrino seeks both monetary and injunctive relief.

**LEGAL STANDARD**

**A.      Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

---

[1] Plaintiff's Complaint in C07-00301 rehashes many of the factual allegations regarding his two state bar disciplinary proceedings that were contained in his C06-05490 Complaint, and also names three of the same defendants. At oral argument, Defendant clarified that his claims in C07-00301 relate solely to improper conduct in connection with the fee arbitration proceeding, but that he included the overlapping factual allegations to provide the Court with context.

3

1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See White*, 227 F.3d at 1242. Thus, "[o]nce the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

### B.     Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

### A.     Grounds Asserted In The Motions to Dismiss.

In Case No. C06-05490, the Justices of the California Supreme Court, and Ronald M. George, Chief Justice of the California Supreme Court (collectively "Supreme Court Justices"), who are sued solely in their official capacities, move to dismiss on several theories. First, they argue that they are

4

1  immune from liability for Plaintiff's § 1983 claims under the Eleventh Amendment. Second, they argue
2  that they are not "persons" for purposes of § 1983 liability. Third, they argue that they are protected
3  from Plaintiff's claims by judicial immunity. Fourth, they argue that the Court lacks jurisdiction over
4  this matter under the *Rooker-Feldman* Doctrine. Fifth, they contend that dismissal is appropriate under
5  *Younger* abstention doctrine.

6  Also in Case No. C06-05490, the State Bar of California, Magnuson (who is sued in both his
7  official and individual capacities), and Byer (who is also sued in both his official and individual
8  capacities), move to dismiss Plaintiff's Complaint on the same five theories as the Supreme Court
9  Justices. In addition, they also move to dismiss Plaintiff's complaint on two additional grounds: (6) the
10 application of res judicata and collateral estoppel, and (7) state tort claim immunity.

11 In Case No. C07-0301, Bloom, Sperber, Werchick, McElroy, Byer and Magnuson (all of whom
12 are sued in their official and individual capacities) and the State Bar of California move to dismiss
13 Plaintiff's Complaint on eight grounds: (1) *Younger* abstention, (2) Eleventh Amendment immunity, (3)
14 judicial immunity, (4) failure to state a claim under Section 1983, (5) state tort claim immunity, (6)
15 arbitral immunity, (7) failure to state a conspiracy claim under Section 1985, and (8) state law immunity
16 for acts relating to mandatory fee arbitration procedures.

17 **1.     Eleventh Amendment Immunity**.

18 **a.     The State Bar of California.**

19 In the absence of consent, a suit in federal court against a state or one of its agencies or
20 departments is proscribed by the Eleventh Amendment. *Pennhurst State School & Hospital v.*
21 *Halderman*, 465 U.S. 89, 100 (1984). The State Bar of California is an "arm of the state" for the
22 purposes of Eleventh Amendment immunity. *Hirsh v. Justices of the Supreme Court of California*, 67
23 F.3d 708, 715 (9th Cir. 1995); *Lupert v. California State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985). For
24 a state or agency that is considered arm of the state, an Eleventh Amendment bar to suit applies
25 regardless of the nature of the relief sought. *Pennhurst*, 465 U.S. at 100-101.

26 Plaintiff contends the State Bar has consented to suit by virtue of its designation as a "public
27 agency" for purposes of the California Torts Claim Act, and attaches a letter from the State Bar
28 referencing the California Government Code provisions governing suits against such public agencies.

5

Plaintiffs' argument, however, conflates the potential for liability of the State Bar in state court with Eleventh Amendment immunity issues raised when a litigant sues a state in federal court. The classification of the State Bar as a public agency under the California Torts Claim Act does not affect the State Bar's status for purposes fo sovereign immunity.

Accordingly, all claims against the State Bar of California in both federal actions will be dismissed in their entirety.

### b.  The Supreme Court Justices.

Plaintiff has sued the Supreme Court Justices in their official capacities in Case No. C06-05490. The grant of sovereign immunity bars a federal action for damages, or other retroactive relief, against a state official acting in his or her official capacity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992). However, the Eleventh Amendment does not bar a request for prospective injunctive relief against a state official in his or her official capacity in order to end a continuing violation of federal law. *Pena*, 976 F.2d at 472 n.5, *Edelman*, 415 U.S. at 664. Plaintiff concedes these points in his opposition. (Opposition at 10.)

Plaintiff's Complaint in Case No. C06-05490 seeks both monetary damages against the Supreme Court Justices and an injunction preventing them "from imposing ay discipline against [Plaintiff] or otherwise taking any action against [Plaintiff's] license to practice law and the updating of [Plaintiff's] public record to reflect 'no discipline in good standing[.]'" (Complaint ¶¶ 61 & 67.) Plaintiffs' request for monetary damages against the Supreme Court Justices is barred by the Eleventh Amendment. To the extent that Plaintiff is seeking prospective injunctive relief against the Supreme Court Justices for a violation of federal law, such claims may proceed under the Eleventh Amendment. *Id.* at 664. However, all state law claims for relief, including prospective relief, against the Supreme Court Justices are barred in their entirety. *Pennhurst*, 465 U.S. at 106.

### c.  The Individual State Bar Defendants.

In both Case No. C06-05490 and Case No. C07-0301, Plaintiff has sued Byer and Magnuson, prosecutors with the State Bar, in their official and individual capacities. In Case No. C07-0301, Plaintiff has also sued Bloom, Sperber, Werchick, and McElroy, all State Bar judges, arbitrators, or

1  employees, in their official and individual capacities.[2]  As noted above, however, Eleventh Amendment
2  immunity barring a federal action for damages, or other retroactive relief, extends to state officials sued
3  in their official capacities.  *Hirsh*, 67 F.3d 708, 715 (9th Cir. 1995) (State Bar prosecutors sued in their
4  official capacity are entitled to Eleventh Amendment immunity); *see also Hafer v. Melo*, 502 U.S. 21,
5  24-25 (1991); *Pena*, 976 F.2d at 472.  Accordingly, Plaintiffs' request for monetary damages and
6  retroactive relief against all of these defendants in their official capacities is barred by the Eleventh
7  Amendment.  To the extent that Plaintiff is seeking prospective injunctive relief against these defendants
8  in their official capacities for a violation of federal law, such claims may proceed under the Eleventh
9  Amendment.  *Edelman*, 415 U.S. at 664; *Pena*, 976 F.2d at 473 n.5.  However, all state law claims for
10 relief, including prospective relief, against these defendants in their official capacities are barred in their
11 entirety.  *Pennhurst*, 465 U.S. at 106.

12 The Eleventh Amendment does not implicate Plaintiff's claims against these defendants in their
13 individual capacities.  *Pena*, 976 F.2d at 472.

### 2. The *Rooker-Feldman* doctrine.

15 Defendants argue that this Court lacks jurisdiction over Plaintiff's Complaint under the *Rooker-*
16 *Feldman* doctrine.  This doctrine applies in "cases brought by state-court losers complaining of injuries
17 caused by state-court judgments rendered before the district court proceedings commenced and inviting
18 district court review and rejection of those judgments."  *Exxon Mobil Corp v. Saudi Basic Indus, Corp.*,
19 544 U.S. 280, 283 (2005).  "Under *Rooker-Feldman*, lower federal courts are without subject matter
20 jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal
21 review by filing a petition for a writ of certiorari in the Supreme Court of the United States."
22 *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005).  In the context of
23 challenges to attorney disciplinary matters, a district courts have subject matter jurisdiction over general
24 challenges to state bar rules, which do not require review of a final state court judgment in a particular
25 case.  *Id*. at 606-07.  However, district courts lack subject matter jurisdiction over challenges to state
26 court decisions in particular cases arising out of judicial proceedings, even if the challenge is to the

---

[2] McElroy is a State Bar Court Hearing Judge.  Bloom and Sperber are attorneys with the State Bar's Office of Mandatory Fee Arbitration and are the bar employees responsible for handling the arbitration enforcement action against Allegrino.  Werchick is the Presiding Arbitrator for the State Bar's Mandatory Fee Arbitration Program.

7

constitutionality of the state court's action. *Id* at 607.

Here, Plaintiff's pleadings raise an individualized challenge, at least in part, to the California Supreme Court's decision in S.B.C. No. 02-O-13815 denying his petition for review and suspending him from the practice of law until he complied with certain enumerated requirements. In his Opposition to Defendants' Motions to Dismiss in Case No. C06-05490, Plaintiff expressly states that he "seeks a review of the Decision in Case 02-O-13815[.]" (Opp. at 1.)[3] This is precisely the type of challenge that falls within the ambit of the *Rooker-Feldman* doctrine. *See id.* at 607-08. Consequently, to the extent that Plaintiff's claims request that this Court review or otherwise reverse the California Supreme Court's decision in S.B.C. No. 02-O-13815, the Court finds that it does not have jurisdiction to consider such claims.[4]

### 3. *Younger* abstention.

The moving defendants argue that, to the extent Plaintiff seeks injunctive relief that seeks to interfere with pending state bar disciplinary matters, this Court should abstain from exercising subject matter jurisdiction pursuant to the *Younger* doctrine. Under the *Younger* doctrine "abstention in favor of state judicial proceedings is required if the state proceedings (1) are on-going, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995).

As to the first prong, *Younger* abstention considers a state court proceeding to be "ongoing" if it was pending at the time the federal action was filed, regardless of whether it has since concluded during the pendency of the federal action. *Beltran v. State of California,* 871 F.2d 777, 782 (9th Cir. 1988); *Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002). "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action." *Beltran*, 781 F.2d at 782. In California, state bar disciplinary

---

[3] At oral argument, Plaintiff unambiguously indicated that he was no longer pursuing any relief, against any defendants, in connection with S.B.C. No. 02-O-13815. Nonetheless, for purposes of analyzing the overall injunctive relief sought by Plaintiff, this Court finds it necessary to consider the *Rooker-Feldman* doctrine.

[4] Because there was no Supreme Court ruling in S.B.C. No. 04-O-12846 at the time Plaintiff initiated either federal action, the *Rooker-Feldman* doctrine does not bar injunctive relief relating to that action.

8

1  proceedings are commenced, for purposes of *Younger* abstention, once the accused is served with a
2  notice of disciplinary charges. *Canatella v. California*, 304 F.3d 843, 851 (9th Cir. 2002).

3  There is no dispute that when Plaintiff filed both of these federal actions, on September 9, 2006
4  and January 17, 2007 respectively, the proceedings in S.B.C. No. 04-O-12846 were ongoing as the State
5  Bar Court Hearing Department had already issued its decision on November 22, 2005, and the matter
6  was pending before the State Bar Court Review Department. Thus, as to the first prong, the disciplinary
7  proceedings in S.B.C. No. 04-O-12846 against Plaintiff were "ongoing" for purposes of *Younger*
8  abstention.[5]

9  As to the second and third factors, the Ninth Circuit has held that California's attorney
10 disciplinary proceedings strongly implicate important state interests, and that under California law,
11 federal constitutional defenses may adequately be raised through judicial review of State Bar Court
12 decisions, thereby satisfying the second and third factors. *See Hirsh*, 67 F.3d at 711; *Canatella v. State*
13 *of California*, 304 F.3d 843, 850 n.7 (9th Cir. 2002).

14 Plaintiff challenges only the third prong of the *Younger* abstention test. Plaintiff argues that
15 *Younger* abstention is inapplicable because he did not, and will not, have an adequate opportunity to
16 litigate his federal claims because of Defendants' bias, prejudice, and partiality. In *Hirsh*, the Ninth
17 Circuit indicated that "[a]lthough a federal court is normally required to abstain if the three prongs of
18 the *Younger* test are satisfied, abstention is inappropriate in the 'extraordinary circumstance' that the
19 state tribunal is incompetent by reason of bias." 67 F.3d at 713 (citing *Gibson v. Berryhill*, 411 U.S.
20 564, 577-79 (1973)). However, in response to a motion to dismiss, "one who alleges bias must
21 overcome a presumption of honesty and integrity in those serving as adjudicators." *Id.* (quoting
22 *Nenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992)).

23 Here, Plaintiff avers that Defendants are biased "so that they can not conduct the fair, impartial
24 hearing required if Plaintiff is to be afforded the due process of law guaranteed by the Constitution of
25 the United States." (Plaintiff's Opp. at 18:9-12.) However, the Court has reviewed both of Plaintiff's
26 complaints, and the allegations of bias contained therein go almost exclusively to the alleged bias and

---

28 [5] It is not clear to the Court from the record whether any proceedings in S.B.C. No. 02-O-13815 were "ongoing" for purposes of *Younger* abstention as of September 9, 2006. However, as noted above, Plaintiff unambiguously indicated at oral argument that he was abandoning all claims for relief in connection with S.B.C. No. 02-O-13815.

*United States District Court*
For the Northern District of California

retaliatory motives of Defendants Byer and Magnuson, the State Bar prosecutors. (*See, e.g.*, C06-05490 Complaint at ¶¶ 39, 92, 94; C07-00301 Complaint at ¶ 64-67.) Plaintiff alleges no facts that, if true, would show bias on the part of the California Supreme Court justices. Moreover, Plaintiff's threadbare allegations regarding bias of the State Bar Court judges, even if true, would be insufficient to overcome the presumption of honesty and integrity that applies to these adjudicators. Plaintiff's allegation that State Bar judges have incentive to find against him because if he prevails the State Bar must pay his costs, and that the majority of the State Bar's funding comes from member dues (06-5490 Complaint at ¶¶ 49-50) are insufficient to establish an impermissible financial interest, given that the salaries of the Bar Court judges are set by statute and are not dependent on the outcome in individual cases. *Hirsh*, 67 F.3d 708 (fact that fines imposed in California attorney disciplinary proceedings are paid to the State Bar treasury does not establish an impermissible financial interest sufficient to trigger bias exception to *Younger* abstention). Plaintiff's allegation that the State Bar hearing judge never ruled on certain pre-hearing motions (C06-05490 Complaint at ¶ 47) is not sufficient to establish that the State Bar court is incompetent by reason of bias.[6] Finally, the fact that Plaintiff filed complaints against the State Bar prosecutors (C06-05490 Complaint at ¶ 46), which Plaintiff contends gives the State Bar incentive to find him culpable to protect its reputation, is an insufficient allegation to overcome the presumption of honesty and integrity that applies to State Bar court adjudicators.[7]

Accordingly, Plaintiff's allegations are insufficient to establish that this case presents the "extraordinary circumstance" in which either the State Bar Court or the California Supreme Court could be considered incompetent by reason of bias. Accordingly, the Court finds that Plaintiff has an adequate opportunity to litigate his federal claims in those forums for purposes of *Younger* abstention. Because judicial proceedings were ongoing in S.B.C. No. 04-O-12846 as of the date this federal action was commenced, which implicate important state interests, and in which Plaintiff has an adequate opportunity to litigate his federal constitutional challenges, this Court finds that abstention is appropriate

---

[6] Moreover, Plaintiff himself alleges that the State Bar judge took into account and was critical on the record of the prosecutor's conduct, further undermining Plaintiff's conclusory assertions of bias. (C06-05490 Complaint at ¶¶ 27-28.)

[7] *Hirsh* appears to require a plaintiff alleging bias to prevent *Younger* abstention to come forward with evidence at the motion to dismiss stage to overcome the presumption of honesty and integrity that applies to those serving as adjudicators. 67 F.3d at 713-14. However, the Court need not reach the issue of evidentiary proof as Plaintiff's allegations of bias alone are insufficient to overcome the presumption.

10

1 with respect to any injunctive relief that would interfere with that proceeding.

2 Based on this Court's finding that both *Younger* abstention and *Rooker-Feldman* apply here, the Court concludes that it is does not have jurisdiction to grant any of the injunctive relief requested by Plaintiff against the moving defendants in either action. Plaintiff requests the following injunctive relief in his Complaint in Case No. 06-05490:

- "a permanent injunction preventing the State Bar from recommending to the California Supreme Court or the Justices of The California Supreme Court or Chief Justice George from imposing any discipline against Allegrino or otherwise taking any action against Allegrino's license to practice law and the updating of Allegrino's public record to reflect 'no discipline in good standing'" (Complaint at ¶ 61); and

- "an Order reinstating Allegrino to the practice of law in California and preventing the State Bar from recommending to the California Supreme Court any discipline against Allegrino or the State of California otherwise taking any action against Allegrino's license to practice law" (Complaint at ¶ 67.)[8]

Similarly, in his Complaint in Case No. 07-00301, Plaintiff requests:

- "an Order preventing the State Bar from recommending to the California Supreme Court any discipline against Allegrino or the State of California, Bloom, Sperber, Werchick, Byer, Magnuson or The State Bar and its agents from otherwise taking any action against Allegrino's license to practice law." (January 17, 2007 Complaint at 19:3-7.)

Every portion of the above injunctive relief requested by Plaintiff runs afoul of *Younger* abstention by interfering with the ongoing disciplinary matter in S.B.C. No. 04-O-12846, or violates the

---

[8] Similarly, Plaintiff requests the following preliminary injunctive relief in his Motion For Preliminary Injunction:

> a Preliminary Injunction restraining [Defendants] from transmitting any recommendation of discipline whatsoever to the California Supreme Court against Allegrino in State Bar Number 04-0-12846 or otherwise disciplining Allegrino for reasons connected with Case number 04-0-12846 or the filing of this Action or the Justice of California Supreme Court or Ronald M. George, Chief Justice of The California Supreme Court, from imposing such discipline or from taking any adverse action against probation or Allegrino's suspension which is due to terminate on or about September 28, 2006, in Case Number 02-0-13815 or retaliating against Anthony J. Allegrino II for filing this Action in any way such as the filing of additional disciplinary charges. (Plaintiff's Motion at 1:6-10.)

11

*Rooker-Feldman* doctrine by being inextricably intertwined with the correctness of the underlying decisions of the California Supreme Court in the S.B.C. No. 02-O-13815 disciplinary matter, or both. Accordingly, this Court dismisses Plaintiff's claims to the extent they seek any form of injunctive relief against the moving Defendants, and on that basis denies Plaintiff's motion for a preliminary injunction.

        **4.      Quasi-judicial immunity for state bar prosecutors in Case No. 06-5490.**

The only portion of Plaintiff's claims against Byer and Magnuson in Case Nos. 06-5490 that potentially remain viable in light of the considerations discussed above are his claims for monetary damages against these two state bar prosecutors in their individual capacities. However, quasi-judicial immunity renders Byer and Magnuson immune from monetary damages in this matter. It is established law that California State Bar prosecutors have quasi-judicial immunity from monetary damages relating to disciplinary proceedings because Bar Court disciplinary hearings are adversarial, errors are correctable on appeal, and Bar Court decisions are controversial enough to stimulate harassing damage actions against the adjudicators and prosecutors. *Hirsh*, 67 F.3d at 715 (citing *Butz v. Economou*, 438 U.S. 478, 511-17 (1978)). Accordingly, these claims must be dismissed as well.[9]

      **B.      The claims for damages in Case No. 07-0301 against Byer, Magnuson, Bloom, Sperber and Werchick in their individual capacities.**

The only portion of Plaintiff's claims in Case No. 07-0301 that potentially remain viable in light of the considerations discussed above are his claims for monetary damages against Byer, Magnuson, Bloom, Sperber and Werchick in their individual capacities. Though it appears likely to the Court that quasi-judicial immunity (for Byer and Magnuson) and arbitral immunity (for Bloom, Sperber and Werchick), or other grounds raised by Defendants, will require dismissal of such monetary claims, the Court is concerned that Plaintiff may not have had adequate opportunity to be heard with respect to these issues, as it appears from the record that Plaintiff was not validly served with the motion to dismiss in Case No. 07-0301. The proof of service attached to Defendants' motion to dismiss in Case No. 07-0301 reflects only e-mail service. (Docket No. 3.) However, nothing in the record indicates that Plaintiff consented to service through electronic means, and the case had not been designated for E-filing.

---

[9] Because the Court will grant the motions to dismiss brought in C06-05490 in their entirety for the reasons set forth above, the Court does not reach additional grounds raised by the moving Defendants in that action, including res judicata and collateral estoppel, state tort claim immunity, and the definition of "persons" for purposes of Section 1983 liability.

Plaintiff indicated at oral argument that he had not actually received service of the Motion. Accordingly, valid service does not appear to have been effected under Federal Rule of Civil Procedure 5(b)(2)(D) or 5(b)(3).

Unlike the grounds for dismissal analyzed above, arbitral immunity was not raised in connection with the motions to dismiss filed in Case No. 06-5460 (with which Plaintiff was served and to which he responded). Although quasi-judicial immunity was raised in Case No. 06-5460, the Court is not confident that Plaintiff has had an adequate opportunity to address whether such immunity would bar recovery of damages against Byer and Magnuson for their alleged conduct in connection with the arbitration fee award. Plaintiff has also not had a chance to respond to other alleged grounds for dismissal in C07-00301 that may bear on these damages claims, including state tort claim immunity, state law immunity for acts relating to mandatory fee arbitration procedures, and failure to state a claim under Sections 1983 and 1985.

Accordingly, the Court will permit Plaintiff an opportunity to submit an opposition to the motion to dismiss in Case No. 07-00301 that addresses the viability of his claims for damages against these five defendants in their individual capacities, including but not limited to the issues of quasi-judicial immunity and arbitral immunity.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

(1) The Court **GRANTS** Defendants Justices of the California Supreme Court and Chief Justice Ronald M. George's Motion to Dismiss in Case No. 06-05490 (Docket No. 57). The Court **DISMISSES** in their entirety all claims against these defendants.

(2) The Court **GRANTS** Defendants State Bar of California, Ronald Magnuson, and Timothy Byer's Motion to Dismiss in Case No. 06-05490 (Docket No. 55). The Court **DISMISSES** in their entirety all claims against these defendants.

(3) The Court **DENIES** Plaintiff Anthony J. Allegrino II's Motion for Preliminary Injunction in Case No. 06-5490 (Docket No. 49).

(4) The Court **GRANTS IN PART** the Motion to Dismiss brought by Defendants State Bar of California, Alan Bloom, Jill A. Sperber, Aren Werchick, Pat McElroy, Timothy G.

13

Byer, and Ronald E. Magnuson in Case No. 07-0301 (Docket No. 3.) as follows:

    (a)  The Court **DISMISSES** in their entirety all claims against Defendant State Bar of California.

    (b)  The Court **DISMISSES** in their entirety all claims asserted against Defendants Alan Bloom, Jill A. Sperber, Aren Werchick, Pat McElroy, Timothy G. Byer, and Ronald E. Magnuson <u>in their official capacities</u>.

    (c) The Court finds that *Rooker-Feldman* and *Younger* abstention prevent it from issuing any of the injunctive relief requested in Case No. 07-00301.

(5)  Plaintiff shall have fourteen (14) days from the date of entry of this Order to file an opposition to Defendants' motion to dismiss in Case No. 07-00301 addressing the grounds asserted for dismissing his federal and state law claims for monetary damages against Defendants Alan Bloom, Jill A. Sperber, Aren Werchick, Pat McElroy, Timothy G. Byer, and Ronald E. Magnuson <u>in their individual capacities</u>. Defendants shall file their reply, if any, no later than seven (7) days after service of Plaintiff's opposition. No further hearing will be permitted unless ordered by the Court.

**IT IS SO ORDERED.**

Dated:   5/10/2007

                          MARTIN J. JENKINS
                          UNITED STATES DISTRICT JUDGE