United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. ALLEGRINO II, | No. C07-00301 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| THE STATE BAR OF CALIFORNIA, | |
| Defendant. | |

## INTRODUCTION

Before the Court are portions of Defendants Ronald Magnuson, Timothy Byer, Alan Bloom, Jill A. Sperber, Arne Werchick and Pat McElroy's Motion to Dismiss (Docket No. 3) that a previous hearing and order left unresolved. On March 14, 2007, this Court issued an Order granting these Defendants' motion to dismiss in all respects, except Plaintiff's claims for monetary damages against these six Defendants in their individual capacities. The Court ordered supplemental briefing regarding the monetary claims based on a concern that Plaintiff had not, at that time, received an adequate opportunity to respond to the Defendants' Motion regarding such claims.

Having reviewed the parties' supplemental submissions, the Court now **GRANTS** the remainder of Defendants' motion and **DISMISSES** Plaintiff's remaining claims for monetary damages, for the following reasons.

///

## FACTUAL BACKGROUND

Plaintiff Anthony J. Allegrino II filed two separate law suits with this Court, Case No. 06-05490 and Case No. 07-00301, against The State Bar of California ("State Bar") and certain of its officials and employees seeking money damages and injunctive relief. In his Case No. 06-05490 complaint – which has since been dismissed by this Court – Plaintiff alleged violations of his civil rights in connection with his attorney disciplinary proceedings. In this matter, Plaintiff asserts claims in connection with arbitration enforcement proceedings that were initiated against him.[1]

Plaintiff alleges that, in an arbitration proceeding with a former client over a fee dispute, the client was awarded a refund. When the client sought enforcement of the award with the State Bar's Office of Mandatory Fee Arbitration, Defendants Bloom and Sperber filed a motion with the San Francisco State Bar Court to place Allegrino on involuntary inactive status despite that Mr. Allegrino is an out-of-state resident who maintains an office in San Diego. Before trial on the motion, Allegrino settled with the State Bar and made payment to the State Bar.

In this action, Plaintiff alleges that the defendants engaged in prosecutorial misconduct and otherwise conspired against him to either pay the fee arbitration award or be suspended. Specifically, Allegrino alleges that Defendants Bloom, Sperber, and Werchick knew or should have known that the Los Angeles State Bar Court would grant Allegrino extension of time to pay any outstanding awards, but that they nonetheless purposefully filed the motion in San Francisco even though Los Angeles was the correct venue. Plaintiff also alleges that Defendants Byer and Magnuson called Defendant Sperber on the phone and expressed their inclination to have Allegrino disbarred. Plaintiff further alleges that McElroy conspired with Bloom, Sperber and Werchick to rule in favor of the State Bar.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rule of Federal Procedure authorizes a party to move to dismiss

---

[1] Plaintiff's Complaint in C07-00301 also rehashes many of the factual allegations regarding his two state bar disciplinary proceedings that were contained in his C06-05490 Complaint. At the April 10, 2007 oral argument in this matter, Plaintiff clarified that his claims in C07-00301 relate solely to improper conduct in connection with the fee arbitration proceeding. Plaintiff indicated that he included the overlapping factual allegations solely to provide the Court with context. Accordingly, this Court limits its analysis to the Plaintiff's allegations of improper conduct in connection with the fee arbitration proceeding.

2

a claim for lack of subject matter jurisdiction. The party seeks to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court thus ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Furthermore, the Court accepts the plaintiff's material allegations as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

Defendants Byer, Magnuson, Bloom, Sperber, Werchick, and McElroy move to dismiss Plaintiff's monetary claims on multiple grounds, including judicial, quasi-judicial, and arbitral immunity, and failure to state a claim..

**A.     Quasi-Judicial Immunity Bars Plaintiff's Claims For Damages Against McElroy, Bloom, Sperber and Werchick.**

Plaintiff seeks damages against Defendant McElroy, a State Bar Court judge, for her alleged role in conspiring to adjudicate the fee arbitration enforcement proceeding against him. Plaintiff also seeks damages against Defendants Bloom and Sperber (attorneys with the State Bar's Office Of Mandatory Fee Arbitration) and Werchick (Presiding Arbitrator) for their role in bringing a motion with the San Francisco State Bar Court to place Allegrino on involuntary inactive status.

Plaintiff's claims cannot stand in the face of judicial and quasi-judicial immunity. Administrative courts and prosecutors have quasi-judicial immunity from monetary damages so long as they perform functions similar to judges and prosecutors in a setting like that of a court. *Butz v. Economous*, 438 U.S. 478, 511-17 (1978). Likewise, because the State Bar Association is an agent of the State, the Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages insofar as they function in a court-like setting. *Hirsh v. Justices of Supreme Court of State of California*, 67 F.3d 708, 715 (9th Cir. 1995). In determining whether the prosecutors have absolute quasi-judicial immunity, courts focus upon the functional nature of the conduct rather than

3

the defendant's status as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Here, Plaintiff's allegations of misconduct extend solely to the actions that McElroy, Bloom, Sperber and Werchick took arising out of their quasi-judicial functions in connection with the arbitration enforcement proceedings. Hence, Defendants McElroy, Bloom, Sperber, and Werchick are all entitled to quasi-judicial immunity.

**B.  Plaintiff's Claims For Damages Against Byer And Magnuson Also Fail.**

Plaintiff's claims against Defendants Byer and Magnuson (the State Bar prosecutors that brought disciplinary proceedings against Plaintiff) also fail. The sole allegations related to the arbitration enforcement proceedings (see footnote 1, above) that Plaintiff makes against these two Defendants is that, on or about November 13, 2006, Sperber "conferr[ed] with and had been contacted by" Byer and Magnuson "about the Rossavik Arbitration Matter and about Allegrino in general in previous State Bar matters", and that Sperber subsequently told Plaintiff that Byer and Magnuson "wanted Allegrino disbarred." (Complaint ¶¶ 64-67.) Such allegations fail to identify any wrongdoing by these individuals that could state a claim under any of the federal or state theories of liability asserted by Plaintiff. Even if they did, the alleged statements by Byer and Magnuson were directly related their prosecutorial functions in Bar Court disciplinary hearings, and are protected by quasi-judicial immunity. *See Hirsh*, 67 F.3d at 715.

Because the Court concludes that Plaintiff's remaining claims must be dismissed for the reasons stated above, the Court need not reach the other grounds for dismissal asserted by Defendants.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the remainder of Defendants' motion and **DISMISSES** Plaintiff's remaining claims. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to close the file.

**IT IS SO ORDERED.**

Dated: October 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

4